WREN DAY *v.* STATE OF MISSISSIPPI.

[44 South., 813.]

1. CRIMINAL LAW AND PROCEDURE. *Evidence. Admission. Rejection. Rulings of trial court. Motion for new trial. Supreme court practice.*

An assignment of error predicated of a ruling admitting or excluding testimony will not be sustained by the supreme court, unless appellant in his motion for a new trial brought the attention of the trial court definitely to the ruling of which complaint is made.

2. SAME. *Argument. Improper remarks. Harmless error.*

A conviction of crime will not be reversed because of improper remarks by a prosecuting attorney in the course of his argument to the jury, where the trial judge at once rebuked the orator and directed the jury not to consider the remarks, if it be reasonably certain that no harm was done.

3. SAME. *New trial. Newly discovered evidence. Diligence. Counsel's knowledge.*

A new trial for newly discovered evidence will be denied where the application therefor failed to show defendant's diligence, or that his counsel was unadvised of the evidence during the trial.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Day, the appellant, a negro, was indicted and tried for unlawfully selling intoxicants, was convicted, sentenced to the county jail for thirty days, fined $200, and appealed to the supreme court.

The appellant assigned as error certain rulings of the court below on objections made during the introduction of the testimony, but his motion for a new trial did not bring them into review.

Appellant also assigned for error the following language used by the district attorney in his closing speech: " The

defendant had three white men as witnesses in his behalf, Mr. Johnson, Mr. Hyman and Mr. Martin, but did not prove his reputation for selling whiskey or not selling it. He could have done this, if it were good."

The appellant's affidavit in support of his motion for new trial on the ground of newly discovered evidence looked to the establishment of an alibi, but wholly failed to show diligence on defendant's part in getting ready for trial, and failed to show that his attorneys were without knowledge of the alleged newly discovered evidence before the trial.

An affidavit of the witness whose testimony constituted the alleged newly discovered evidence was also presented, tending to show that the witness would swear that defendant was not present at the time and place when and where the state's witnesses had sworn he sold the intoxicant.

*Clem V. Ratcliff,* for appellant.

The judgment of the lower court must be reversed because of the remarks of the district attorney in his closing argument before the jury, relative to the reputation of appellant for selling or not selling whiskey. A person charged with a crime is not compelled to prove a good reputation. The failure of an accused party to show his good reputation in evidence before the jury, cannot be commented upon by the district attorney. The remarks of the district attorney before the jury, unquestionably contributed to the conviction of appellant. Accordingly, the verdict of the jury should have been set aside. *Cheatham* v. *State,* 67 Miss., 335; *Cartwright* v. *State,* 71 Miss. 82; *Cavanah* v. *State,* 56 Miss., 299; *Martin* v. *State,* 63 Miss., 505; *Pullman* v. *Lawrence,* 74 Miss., 782; *Hemingway* v. *State,* 68 Miss., 371; *Wood* v. *State,* 64 Miss., 761; *Lamar* v. *State,* 65 Miss., 93; *Brown* v. *State,* 81 Miss., 143.

Appellant's motion for a new trial, based on the ground of newly discovered evidence, should have been sustained. The facts thus discovered since the trial, are shown to have been

most material, and should have been submitted to the jury on a new trial. *Buckner* v. *State,* 81 Miss., 140.

It was error in the court below to sustain the objections of the state to the testimony of witnesses for appellant.

*Geo. Butler,* assistant attorney-general, for appellee.

It may be admitted that the language used by the learned district attorney in the court below was improper, and yet such constitutes no cause for reversal, inasmuch as that court promptly rebuked the district attorney, and instructed the jury to disregard his remarks. Under the circumstances, the remarks were not such as to work a reversal.

There was no error in refusing to sustain the motion on the ground of newly discovered evidence, for the appellant has not shown diligence. The testimony could have been discovered before the trial, by use of reasonable diligence. The application for continuance is clearly defective. *Cooper* v. *State,* 53 Miss., 393.

So far as the alleged error of the lower court in exclusion and admission of evidence over appellant's objection is concerned, it is only necessary to call attention to the fact that the lower court's action as to the same, was not complained of in the motion for a new trial.

CALHOON, J., delivered the opinion of the court.

We do not notice the claim of error in sustaining objections to testimony offered, because not mentioned in the motion for a new trial.

We cannot reverse because of the improper language of the district attorney in his argument, since the judge rebuked it and told the jury not to consider it, which action, in this case, we think prevented harm.

The affidavit in support of the motion for new trial on the ground of newly discovered evidence is too defective to require notice. *Cooper* v. *State,* 53 Miss., 393. Besides, it shows

91 Miss.—16

no diligence, and it does not appear that counsel did not know of the alleged newly discovered evidence before the trial.

*Affirmed.*